## Commonwealth v. Reynolds et al.

*Criminal law—Restraint of liberty—Habeas corpus.*

1. Whenever a person is deprived of the privilege of going when and where he pleases he is restrained of his liberty, and has a right to inquire if that restraint be illegal and wrongful, whether it be exercised by a jailor, constable or private individual.

2. Where a commitment is placed in the hands of a constable, the defendant, while not actually under restraint, is constructively in the custody of the constable.

3. In such case, the court has jurisdiction in *habeas corpus* proceedings.

*Constitutional law — Trial by jury — Imposition of costs on discharged defendant—Act of May 27, 1919.*

4. The Act of May 27, 1919, P. L. 306, is unconstitutional, in so far as it provides for the imposition of costs upon a discharged defendant, as it is in conflict with article i, section 6, of the Constitution, which guarantees the right of trial by jury.

*Habeas corpus.* C. P. Lackawanna Co., May T., 1925, No. 504.

*R. G. Coglizer,* for Commonwealth; *C. B. Little,* for defendants.

EDWARDS, P. J., April 9, 1925.—The defendant, Ruth Reynolds, is a school teacher in Ransom Township, Lackawanna County. Mrs. Sarah Taft caused the arrest of defendant on a charge of assault and battery committed on two of Mrs. Taft's children. A hearing was had by and before Alderman W. H. Thomas, in the City of Scranton, on April 4, 1925. After a full hearing, according to the transcript, the alderman, having investigated the facts, discharged the defendant—"the prosecution appearing not to be well founded"— and imposed the costs upon the defendant. Defendant refused to pay the costs. Thereupon, in default of the payment of the costs, the alderman committed the defendant to the county jail for fifteen days, being one day for each dollar of costs, as provided by the Act of May 27, 1919, P. L. 306. A commitment was placed in the hands of the constable, and defendant, while not actually under restraint, is constructively in the custody of the constable.

The writ of *habeas corpus* is now before us. There is no dispute as to the facts. The first question that suggested itself to the court was whether the defendant (the relator in the writ) should be under actual restraint before we could take jurisdiction. The commitment is in the hands of the officer and the relator is liable to be taken into actual custody at any moment. Whenever a person is deprived of the privilege of going when and where he pleases, he is restrained of his liberty, and has a right to inquire if that restraint be illegal and wrongful, whether it be exercised by a jailer, constable or private individual. This view is sustained in a well considered case reported in 2 Ashmead, 247, Com. *v.* Ridgway.

The principal question involves the constitutionality of the second section of the said Act of 1919. The whole act reads as follows:

"Section 1. That in all cases of prosecutions for assault or assault and battery, the alderman, justice of the peace or magistrate before whom such case is instituted shall, before he binds any person so charged over to the Court of Quarter Sessions upon the oath of any complainant, enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded.

"Section 2. In all such cases, when the evidence does not show that the prosecution is well founded, the alderman, justice of the peace or magistrate shall discharge the defendant and determine by whom the costs shall be paid.

Commonwealth v. Reynolds et al.

In assessing the costs, he may order that the prosecutor or defendant pay all or any part thereof, or he may assess the costs on the county. In default of payment of any costs so imposed on the prosecutor or defendant, the person so defaulting shall be committed to the county jail, one day for each dollar of such costs, or until such costs are paid, or until such person is discharged according to law, and in such cases the costs shall be paid by the county."

Counsel for relator contends that the act conflicts with relator's right to a trial by jury under article I, section 6, of the Constitution of Pennsylvania. After an examination of the law, we are satisfied that this contention must be upheld, particularly as to the second section of the act. The same question was before President Judge Endlich in the case of Com. v. Bossler, 29 Dist. R. 171. He held the second section to be unconstitutional, and has written an exhaustive and very satisfactory opinion sustaining his views. We refer to this opinion for the reasons which, to a great extent, influence our action in the case at bar.

Now, April 9, 1925, relator discharged.

From William A. Wilcox, Scranton, Pa.